## DE NEUFVILLE v. NEW YORK & N. RY. CO. et al.

### (Circuit Court, S. D. New York. January 10, 1898.)

EQUITY PRACTICE—INJUNCTION PENDENTE LITE.

An injunction pendente lite, restraining the issue of bonds under a mortgage by a railroad company having no title to part of the property described, will not be granted when complainant can obtain full and complete relief on final hearing, and in the interim can suffer no damage, through the issue of such bonds.

This was a suit in equity by Charles De Neufville against the New York & Northern Railway Company, the New York Central & Hudson Railroad Company, and others. The cause was heard on a motion for preliminary injunction.

Simon Sterne, for the motion.

Charles F. Brown, opposed.

LACOMBE, Circuit Judge. The decision of the court of appeals in Farmers' Loan & Trust Co. v. New York & N. R. Co., 150 N. Y. 410, 44 N. E. 1043, reversed the judgment of foreclosure under which the New York & Putnam Railroad Company claimed to own and hold the property of the New York & Northern Railroad Company, of which complainant was a stockholder. The lease, therefore, of the New York & Putnam Railroad Company to the New York Central & Hudson River Railroad Company was ineffectual to convey any right or title to such property, and the inclusion of such property in the new mortgage was wholly unwarranted. But this decision of the court of appeals was rendered in October, 1896, and the mortgage was not executed until June 1, 1897. The trustee under the mortgage is charged with knowledge—and so, indeed, is every bondholder—that the enumeration of such property in the mortgage given by the New York Central & Hudson River Railroad Company created no lien thereon in favor of the mortgagees.

The question now presented is whether complainant shall have an injunction pendente lite restraining the sale and issue of any more bonds under the new mortgage (bonds have already been issued to the amount of over $4,000,000), and requiring so much of the mortgage as covers the property in question to be canceled and discharged of record. It might be a sufficient answer to this application to suggest that the trustee under the new mortgage has not yet been made a party. But assuming that, by a supplemental pleading setting up the making of the mortgage, such trustee were brought in, there is no reason for granting the relief prayed for in

advance of the hearing. If it be decided at final hearing that the mortgage must be canceled and discharged of record so far as it covers the property in question, relief thus granted will fully protect all complainant's rights as against the mortgage. Thereafter the mortgage can certainly constitute no cloud upon the title of complainant's company to the property. There will no longer be even any pretense of a lien thereunder. Complainant, therefore, will not find his measure of relief at all impaired by having to wait for it until final hearing. Nor will complainant be injured irreparably, or, indeed, in any degree, by the circumstance that more bonds may be issued in the interim. This court knows of no authorities supporting the proposition suggested, that the bona fide purchaser of a railroad bond issued under a mortgage which professed to cover property to which the railroad company had no title (the fact of want of title being perfectly apparent to any one who took the trouble to look before mortgage was executed or bonds sold) obtains thereby some equity against the owner of the property. Whether there be issued $4,000,000 or $40,000,000 of these bonds can make no difference to complainant, nor in any way interfere with his obtaining full relief at final hearing. Motion denied.